UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Josephine Phaneuf

    v.                                          Civil No. 12-cv-474-JL
                                              Opinion No. 2013 DNH 076

Michael Ortlieb *et al.*

**MEMORANDUM ORDER**

This case presents several questions, including the identity of the proper party to defend an estate in a civil action, this court's jurisdiction over probate matters, and the adequate pleading of respondeat superior liability.  The plaintiff, Josephine Phaneuf, suffered severe and permanent injuries in a collision between her motor vehicle and one driven by Daniel Hammerstad--who, Phanuef alleges, was intoxicated at the time.  Phaneuf's efforts to obtain compensation for her injuries, however, have been complicated by Hammerstad's own death in the collision.  No estate has been opened.  Instead, acting on Phaneuf's petition, the Rockingham County Superior Court has appointed Michael Ortlieb, an attorney, as Hammerstad's guardian ad litem under N.H. Rev. Stat. Ann. § 260:68.

Phaneuf then commenced this action here against Ortlieb, in his capacity as Hammerstad's guardian ad litem, and three other defendants, seeking to recover the damages she suffered in the

collision.  Two of the other defendants are restaurants that
allegedly served alcohol to Hammerstad on the night of the
collision even though, Phaneuf claims, they knew or should have
known of his intoxication.  The third additional defendant is
Diane Maurais; Phaneuf alleges that Maurais is vicariously liable
for Hammerstad's negligence because he "was operating his vehicle
while performing errands on behalf of and/or acting for the
benefit" of Maurais.  This court has jurisdiction under 28 U.S.C.
§ 1332(a)(1) (diversity), because Phaneuf is a citizen of
Massachusetts, and the defendants are citizens of New Hampshire.

Phaneuf has since moved for an order declaring that Ortlieb,
by virtue of his appointment as guardian ad litem, has the power
to represent Hammerstad's interests in this matter.  This motion
also seeks leave to file an amended complaint, see Fed. R. Civ.
P. 15(a)(2),[1] naming as an additional defendant either United
States Automobile Association (which insured the vehicle that

---

[1]At the time Phaneuf filed this motion, she had yet to amend
her complaint, and fewer than 21 days had passed since the filing
of any responsive pleading.  So she could have simply filed an
amended complaint as of right.  See Fed. R. Civ. P. 15(1)(1)(B).
That she instead sought leave to amend makes no practical
difference, though, because, in addition to opposing the
amendment, Ortlieb has filed a separate motion to dismiss arguing
that it fails to state a claim for relief.  Similarly, while
Phaneuf has not filed an objection to Ortlieb's motion to
dismiss, the court has treated her motion for declaratory relief
and leave to amend as an objection to dismissal.

Hammerstad was driving at the time of the collision) or Rita
Hammerstad (who is named, in Hammerstad's will, as the executor
of his estate).  Ortlieb, however, opposes this relief, and moves
to dismiss the complaint for failure to state a claim against
him.  See Fed. R. Civ. P. 12(b)(6).  Ortlieb argues that his
authority as Hammerstad's guardian ad litem under § 260:68 is
limited to accepting service of process, and that only an
administrator appointed by the Probate Division of the Circuit
Court can represent Hammerstad's estate here.  While
acknowledging that his counsel in this action "has been asked by
USAA to represent the interests" of Hammerstad's estate here,
Ortlieb further argues that USAA is not a proper defendant, nor,
for that matter, is Rita Hammerstad, who appears to have
abandoned her initial efforts to secure appointment as the
administrator of the estate.  Finally, Maurais has also moved to
dismiss, arguing that the complaint fails to state a plausible
claim of respondeat superior against her.

    For the reasons fully explained below, the court denies
Phaneuf's motion to declare that Ortlieb represents Hammerstad's
interests in this matter, and to amend the complaint, and grants
Ortlieb's and Maurais's motions to dismiss.  While the court is
sympathetic to Phaneuf's situation, it harbors significant doubts
about its jurisdiction to grant Ortlieb the authority that she

3

wants him to have, and, in any event, doing so would violate well-established New Hampshire law that "an executor or an administrator is the only proper party to bring or defend actions relating to the personal estate of the deceased."[1] Scamman v. Sondheim, 97 N.H. 280, 281 (1952).  There is likewise no legitimate basis for naming either USAA or Rita Hammerstad as a defendant.  Finally, the complaint's conclusory assertion that Hammerstad "was operating his vehicle while performing errands on behalf of and/or acting for the benefit" of Maurais fails to state a plausible claim for respondeat superior against her.

I.   **Background**

For purposes of the present motions, this court has accepted as true all well-pleaded facts set forth in the complaint, see, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010), but has disregarded "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," Ocasio-Hernandez v. Fortuno-Benet, 640 F.3d 1, 12 (1st Cir. 2011) (quotation

---

[1] For purposes of this order, there is no meaningful distinction between the terms "administrator" and "executor." Indeed, "[e]ither term means the personal representative of the deceased." Crosby v. Town of Charlestown, 78 N.H. 39, 43 (1915). For brevity's sake, then, the court will simply use the word "administrator" (except when quoting from other sources that use the word "executor").

marks, bracketing, and ellipse omitted).  The court has also
relied on documents filed with the Superior Court and the Probate
Division of New Hampshire's 10th Circuit Court.  See Giragosian
v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

At around 9:10 p.m. on Friday, December 30, 2011, Hammerstad
was driving his vehicle "at a dangerous, excessive, high rate of
speed" on a public road in Derry, New Hampshire, when he "lost
control of his car, and smashed head-on into a car" driven by
Phaneuf.  The collision killed Hammerstad, and left Phaneuf with
severe and permanent injuries, including a broken hand, wrist,
ankle, and foot, and a lacerated liver.  Hammerstad was
intoxicated at the time of the collision, with a blood alcohol
concentration of .24.

Phaneuf alleges that, at the time of the collision,
Hammerstad "lived with" Maurais, and "was operating his vehicle
while performing errands on behalf of and/or acting for the
benefit of" her.  The complaint contains no other allegations
concerning Maurais.

In May 2012, counsel for Phaneuf sent letters announcing her
intention to bring suit to two persons, identified as
Hammerstad's sons, who were living with their mother, Rita
Hammerstad, in Jacksonville (Duval County) Florida.  At some
point, Rita Hammerstad was Hammerstad's wife (though the record

does not reflect their marital status at the time of his death),
and was named as the executor of his estate in a will that
Hammerstad signed in November 1992.  In these letters, counsel
for Phaneuf asked to be contacted by any administrator appointed
for Hammerstad's estate.  Phaneuf's counsel has yet to hear from
any such person, and, as of September 2013, has found none
identified in on-line listings for either Duval County, Florida
or Rockingham County, New Hampshire.

On May 21, 2012, however, Rita Hammerstad, acting through
New Hampshire counsel, filed a petition for estate administration
in the Brentwood Probate Division of New Hampshire's 10th Circuit
Court.  Est. of Hammerstad, No. 318-2012-ET-669 (N.H. Prob. Div.
May 21, 2012).  In the petition, which attached Hammerstad's
November 1992 will, Rita Hammerstad sought her appointment as
administrator, and listed the total value of the estate as nil.
In response, the Clerk of the Probate Division wrote to counsel
for Rita Hammerstad, listing several additional required filings.
The Clerk sent another letter to Rita Hammerstad's counsel a
month or so later, directing him to make the filings within 14
days "to avoid dismissal."  Counsel for Phaenuf represents that
the documents have yet to be filed, and the Probate Division has
yet to take any action on Rita Hammerstad's petition for
administration.

6

In the meantime, counsel for Phaneuf, who was unaware of the petition pending in the Probate Division, filed his own petition in the Rockingham County Superior Court for the appointment of a guardian ad litem for Hammerstad under § 260:68.  Granting the petition, the Superior Court appointed Ortlieb, a New Hampshire attorney, in early October 2012.  Phaneuf then commenced this action in this court in December 2012, naming Ortieb "as court-appointed guardian ad litem for" Hammerstad, against whom the complaint asserts a single negligence claim.

The complaint also names Maurais and the owners of two restaurants that allegedly served alcohol to Hammerstad on the night of the accident, Chen's Chinese Restaurant and La Carreta Mexican Restaurant.  The complaint alleges that Hammerstad was served alcohol at Chen's "for several hours" on December 30, 2011, when "employees knew he was intoxicated and/or when they should have known he was intoxicated."  The complaint further alleges that La Carreta employees not only served alcohol to Hammerstad while they knew (or should have known) he was intoxicated, but also that they later "forced him to leave the premises" while they knew (or should have known) he would drive.

Ortlieb appeared in this action through counsel retained by USAA "to represent the interests" of Hammerstad's estate in this matter.  Phaneuf alleges that USAA "provided insurance coverage

7

for the car being driven by [] Hammerstad at the time of the
accident."  As noted at the outset, Ortlieb has moved to dismiss
the complaint against him for failure to state a claim, and has
objected to Phaneuf's requests (1) for an order empowering
Ortlieb to act on behalf on Hammerstad's estate here and (2) to
add USAA or, in the alternative, Rita Hammerstad, as a defendant.

## II.  Analysis

## A.  Roles of Ortlieb, USAA, and Rita Hamerstaad

Phaneuf argues that Ortlieb "should be empowered to act on
behalf of Mr. Hammerstad for purposes of this civil action
pursuant to § 260:68," the statute invoked by the Rockingham
County Superior Court in appointing Ortlieb as Hammerstad's
guardian ad litem.  But under New Hampshire law, "it is the
general rule that an executor or an administrator is the only
proper party to bring or defend actions relating to the personal
estate of the deceased."[2]  Scamman, 97 N.H. at 281 (citing

---

[2]While this common-law rule is subject to an exception for
"special circumstances," Scamman, 97 N.H. at 281, Phaneuf does
not invoke that exception here, and it does not apply, in any
event.  "Special circumstances exist in those cases where the
personal representative of the estate fails or neglects to bring
or defend an action relating to the personal estate, is guilty of
fraud or collusion or has a conflicting or adverse interest in
the estate."  Id. (emphasis added).  Thus, the New Hampshire
Supreme Court has allowed legatees to bring claims to recover
property on behalf of an estate where its executors claimed to
personally own the same property--giving rise to a conflict of

Mitchell v. Smith's Est., 90 N.H. 36, 41 (1939), Reynolds v.
Kenney, 87 N.H. 313, 314 (1935), and Champollion v. Corbin, 71
N.H. 78 (1901)).

Phaneuf's motion does not mention this rule, let alone
explain how Ortlieb can nevertheless "be empowered to act on
behalf" of Hammerstad's estate in defending this action.
Instead, Phanuef relies solely on § 260:68, arguing that, while
it "does not expressly state that the guardian ad litem has the
power to act on behalf of the deceased for whom no executor or
administrator has been appointed, by inference the guardian ad
litem must have the power to do so."  If § 260:68 operates in
this fashion, however, then it creates a significant exception to
the "general rule that an executor or an administrator is the
only proper party to bring or defend actions relating to the
personal estate of the deceased."  Scamman, 97 N.H. at 281.
Indeed, on Phaneuf's reading of the statute, a guardian ad litem
appointed would be the proper party to defend any action against
an estate.  "Absent clear statutory language," however, a court

interest that would disincentivize the executors from bring the
claims on the estate's behalf.  Bean v. Bean, 74 N.H. 404, 409
(1907).  This court is not aware of any instance, however, where
the New Hampshire Supreme Court has applied this exception to
allow a third party to defend a claim against an estate before an
administrator has been appointed.

"will not hold that [a] statute alters a well-established common-law rule." In re Lisa G., 127 N.H. 585, 589 (1986).

Section 260:68 contains no such language. To the contrary, its text and structure indicate that its operation is limited, and does not extend to creating another class of representatives for defending estates against legal actions. Section 260:68 provides that:

> Service of such process shall be made by leaving a copy thereof with a fee of $2 in the hands of the director [of the division of motor vehicles of the department of safety] or in his office, and such service shall be sufficient, provided that notice thereof and a copy of the process or forthwith sent by registered mail by the plaintiff or his attorney to the defendant . . . . In the event that the notice and copy of process cannot be delivered to the defendant because he was deceased at the time of the accident or thereafter, the notice and copy of process shall be sent to the executor or administrator of the deceased defendant's estate, if one has been appointed. If no executor or administrator has been appointed, the plaintiff may petition the superior court for the appointment of a guardian ad litem for such deceased defendant, and upon appointment of such guardian ad litem, the notice and copy of process shall be sent to such guardian ad litem.

(emphasis added). The phrase "such process" refers to the process described in the preceding section, which provides in relevant part that "[a]ny person who . . . drives a vehicle upon the ways of the state shall be deemed to have appointed the director, or his successor in office, his true and lawful attorney upon whom may be served all lawful process in any action

10

or proceeding against him, growing out of any accident or collision in which he or they may be involved while driving on such ways or elsewhere in the state." N.H. Rev. Stat. Ann. § 260:67.  Section 260:67 also states, however, that it "shall not apply to a resident unless after an accident he shall have removed from the state" (emphasis added).

This court must "interpret statutes in the context of the overall statutory scheme and not in isolation." Ocasio v. Fed. Express Corp., 162 N.H. 436, 450-51 (2011).  Read in context, the final sentence of § 260:68 does not provide an alternative procedure (aside from the appointment of an administrator) for authorizing a representative to defend an estate against a legal action.  Section 260:68 merely provides a method for completing service of process on the estate of a non-resident decedent, in the event no administrator or executor has been appointed.[3] Nothing in the statute remotely suggests that, after this method is employed to appoint a guardian ad litem to accept service, he or she can proceed to defend the action on behalf of the estate, in derogation of the longstanding common-law rule allocating that

---

[3]Phaneuf alleges that, at the time of his death, Hammerstad was in fact a resident of New Hampshire.  So it is doubtful whether § 260:68 actually authorized Ortlieb's appointment as guardian ad litem to accept service on Hammerstad's behalf in the first place.  At the moment, however, this court need not pass upon the validity of service, which has not been challenged.

11

authority solely to an administrator.[4]  See In re Lisa G., 127 N.H. at 589.

There are two further, though related, problems with Phaneuf's request that, based on the Superior Court's appointment of Ortlieb as a guardian ad litem under § 260:68, this court recognize Ortlieb's alleged power to act on behalf of Hammerstad's estate here.  First, New Hampshire law reposits the jurisdiction to appoint an administrator exclusively in the Probate Court (now the Probate Division of the Circuit Court).  See N.H. Rev. Stat. Ann. § 547:3, I(c).  It follows, as the New Hampshire Supreme Court has recognized, that the Superior Court lacks jurisdiction to "grant[] administration" over an estate.

---

[4]Though not essential to this court's analysis, the Massachusetts Supreme Judicial Court has recognized that a similar statutory provision in that state serves "to fill a loophole" in its law providing for service of process on non-resident motorists by way of its registrar of motor vehicles. Toczko v. Armentano, 170 N.E.2d 703, 706 (Mass. 1960).  Noting that "[i]t would be an incomplete achievement to leave uncovered the case of a nonresident operator who may not have survived the accident," the court explained that this provision ensures that the "appointment of the registrar as agent for service of process" effected by the non-resident motorist statute "is not one that terminates with the death of the principal." Id.  This interpretation of the Massachusetts non-resident motorist statute, which "is practically identical" to New Hampshire's, Poti v. New Eng. Rd. Mach. Co., 83 N.H. 232, 233 (1928), lends further support to this court's conclusion that, by providing a method of service on the estate of a non-resident motorist via a guardian ad litem, § 260:68 does not also authorize the guardian to proceed with defending the estate in the action.

Lisbon Sav. Bank & Trust Co. v. Moulton's Est., 91 N.H. 477, 480
(1941).  Yet that is in effect what the Superior Court would have
done by appointing a guardian ad litem on behalf of a deceased
defendant under § 260:68, at least if Phaneuf's reading of that
statute is correct.

Just as courts generally decline to construe a statute to
depart from the common law (at least in the absence of express
language to that effect), they also generally decline to construe
a statute to repeal or modify another one (again, at least in the
absence of express language to that effect).  See, e.g., Arnold
v. City of Manchester, 119 N.H. 859, 863 (1979) (disfavoring the
doctrine of "implied repeal").  So this court cannot read
§ 260:68 as, in effect, repealing the Probate Division's
exclusive statutory jurisdiction to appoint an administrator by
authorizing the Superior Court to appoint a guardian ad litem who
possesses the selfsame power to defend claims against the estate
that New Hampshire law reserves to an administrator.

Second, the "probate exception" to federal subject-matter
jurisdiction, recognized by the Supreme Court, "reserves to state
probate courts . . . the administration of a decedent's estate."
Marshall v. Marshall, 547 U.S. 293, 311 (2006).  Relying on this
exception, a number of federal courts have held that they lack
the jurisdiction to appoint an administrator, reasoning that

13

"[t]here is nothing more central to the administration of the estate." Jones v. Harper, 55 F. Supp. 2d 530, 533 (S.D. W. Va. 1999); see also, e.g., McGovern v. Braun, No. 12-672, 2012 WL 1946600, at *3 (D. Ariz. May 30, 2012); Wilson v. Sundstrand Corp., No. 99-6944, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002); Wilsey v. Eddingfield, 780 F.2d 614, 619-20 (7th Cir. 1985) (Posner, J., dissenting from denial of petition for rehearing en banc). As just discussed, though, that is in effect what this court would be doing by ruling that Ortlieb is empowered to defend the action on behalf of Hammerstad's estate, because, again, only an administrator can have that authority under New Hampshire law.

Accordingly, the court must deny Phaneuf's motion insofar as it seeks a ruling that Ortlieb, by virtue of his appointment as Hammerstad's guardian ad litem, has the power to act on Hammerstad's behalf here. Since Phaneuf's claims against Ortlieb are premised solely on her erroneous view that his appointment as guardian ad litem authorizes him to defend this action, Ortlieb's motion to dismiss must be granted. Ortlieb's dismissal, in turn, moots Phaneuf's request to name USAA as a party so the court can

order it "to reimburse [] Ortlieb for the services he performs"
is this action.[5]

Finally, for the same reasons the court must deny Phaneuf's
request for an order authorizing Ortlieb to defend this action on
Hammerstad's behalf, the court must deny Phaneuf's request to add
Rita Hammerstad as a defendant.  This request is premised on
Phaneuf's allegation that the will Hammerstad executed in
November 1992 names Rita Hammerstad as executor.  But under New
Hampshire law, "an executor and administrator stand alike in the
requirement of appointment by the probate court.  A will may
name, but cannot appoint an executor."  Lisbon Sav. Bank, 91 N.H.
at 481.  So the fact that Hammerstad's will names Rita Hammerstad
as executor does not empower her to act on behalf of his estate,
unless and until the Probate Court names her as administrator.

Of course, while Rita Hammerstad petitioned the Probate
Court to appoint her as administrator, she has since failed to

_____

[5]Just before this court was scheduled to hear oral argument
on Phaneuf's motion to authorize Ortlieb to defend this action on
Hammerstad's behalf, her counsel advised the court that the
Probate Division was, in fact, in the process of appointing an
administrator, which would moot the motion.  Phaneuf's counsel
also advised the court, however, that she wanted to be heard on
her request to compel USAA to pay for the administration of
Hammerstad's estate.  As discussed in the ensuing off-the-record
discussions with counsel, if Phaneuf wishes to press this
request, she must amend her complaint to add USAA as a party, and
accomplish service on it.

respond to that court's multiple requests for the information it
needs to act on her petition, despite the passage of nearly a
year.  In light of this inaction, this court's ruling that
Phaneuf's claim against Hammerstad's estate cannot proceed unless
and until the Probate Division appoints an administrator may
strike Phaneuf as an elevation of form over substance.  The court
is sympathetic to the obstacle this places in the path of
Phaneuf's attempt to recover for her serious injuries.  Despite
this sympathy, however, this court cannot ignore long-standing
New Hampshire law that actions against an estate must be handled
by an administrator appointed by the Probate Division--rather
than by a guardian ad litem appointed to accept service under
§ 260:68, or an executor named in the will but not appointed.

Moreover, Phaneuf is not powerless to bring her claims
against Hammerstad's estate merely because Rita Hammerstad has,
apparently, neglected to pursue her appointment as administrator.
While, as a matter of first priority, New Hampshire law gives the
right to administration to the executor named in the decedent's
will, N.H. Rev. Stat. Ann. § 553:2, I, the law also recognizes
other suitable classes of administrators if the executor
"neglect[s], for thirty days after the decease of the [decedent],
to apply for administration," id. § 553:3.  Among those entitled
to administer the estate under these circumstances are "one of

16

the devisees or creditors," id. § 553:2, III, and "there is no requirement that [a creditor] should prove his claim to be valid before the petition is granted.  It is enough if he claims honestly and seasonably to be a creditor."  Robinson v. Dana's Est., 87 N.H. 114, 117 (1934).

So, if Phaneuf wishes to pursue her claim against Hammerstad's estate, she may petition the Probate Division for her own appointment as administrator.  But unless and until the Probate Division appoints her, or someone else, to administer Hammerstad's estate, Phaneuf's claim against the estate cannot proceed.[6]  Her motion for an order authorizing Ortlieb, or Rita Hammerstad, to defend the estate here is denied, and Ortlieb's motion to dismiss the claim against him is granted.

## B.  **Maurais' motion to dismiss**

In moving to dismiss,[7] Maurais argues that the complaint fails to plausibly state a claim of respondeat superior against her.  "To survive a motion to dismiss under Rule 12(b)(6), a

_____

[6]If Phaneuf wishes, she may seek a stay of this action for that purpose.

[7]Because Maurais has already filed an answer to the complaint, her motion to dismiss is properly treated as a motion for judgment on the pleadings.  See Fed. R. Civ. P. 12(c).  The same standards apply.  See Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008).

complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This
showing "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Twombly, 550 U.S. at 555 (bracket omitted).  "Nor does
a complaint suffice if it tenders 'naked assertion[s]' devoid of
'further factual enhancement.'" Iqbal, 556 U.S. at 679 (quoting
Twombly, 550 U.S. at 557).

     Judged by these standards, Phaneuf's complaint does not
state a claim against Maurais on a theory of respondeat superior.
As discussed supra, the complaint's only allegations concerning
Maurais are that Hammerstad "lived with" her and "was operating
his vehicle while performing errands on behalf of and/or acting
for the benefit of" her at the time of his collision with
Phaneuf.  The mere fact that Maurais was living with Hammerstad,
of course, does not establish her vicarious liability for his
actions, and Phaneuf does not argue to the contrary.[8]  The sole

_____

     [8]In her objection to Maurais's motion to dismiss, Phaneuf
relies on the fact (which is stated in the motion itself, but not
in the complaint) that Maurais "had lived with [] Hammerstad for
approximately 17 years."  Phaneuf does not explain, however, what
effect this period of co-habitation, while lengthy, has on
Maurais's liability for Hammerstad's negligence at the time of

18

remaining allegation, that Hammerstad was "operating his vehicle while performing errands on behalf of and/or acting for the benefit of" Maurais, is a "naked assertion devoid of further factual enhancement." Iqbal, 556 U.S. at 679 (quotations and bracketing omitted).

The allegation that Hammerstad was "acting for the benefit of" Maurais is a "legal conclusion[]" that does not assist Phaneuf in withstanding the motion to dismiss. Id. at 678.  The allegation that Hammerstad was "performing errands on behalf of" Maurais (curiously, or perhaps cleverly, pled in the alternative to the theory that he was simply "acting for [her] benefit" through the use of "and/or") is likewise "conclusory" and therefore "disentitle[d] to the presumption of truth" as well. Id. at 680-81.  The complaint alleges no facts to support its

the collision.  "Except for a very narrow purpose," which is not implicated here, "New Hampshire does not recognize the 'poor man's,' or common law, marriage."  Charles G. Douglas, 3 New Hampshire Practice: Family Law § 2.11, at 42 (3d ed. 2002).  In any event, as Maurais points out, New Hampshire also does not recognize the "family purpose" doctrine, see Grimes v. Labreck, 108 N.H. 26, 29 (1967), under which the "head of a family . . . is liable for the negligence of any member who is permitted to use the car" supplied by the head of the family "as a pleasure car for the use of the family," Moulton v. Langley, 81 N.H. 138, 142 (1923).  Phaneuf's suggestion that discovery is required to determine whether this doctrine applies is therefore puzzling (even more so because, even if New Hampshire recognized it, there is no dispute that Hammerstad, rather than Maurais, owned the car he was driving at the time of the collision).

assertion that Hammerstad was "performing errands on behalf of" Maurais at the time of the collision, e.g., that she had asked Hammerstad to go some place to accomplish some task.

Indeed, the assertion is only undermined by the facts that the complaint does allege:  that Hammerstad had, earlier on that Friday night before New Year's Eve, passed "several hours" drinking at one restaurant, followed by more time drinking at another restaurant, whose employees ultimately ejected him. Hammerstad had consumed enough alcohol, in fact, that his blood alcohol level reached .24, which is three times the legal limit. See N.H. Rev. Stat. Ann. § 265-A:2, I(b).  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  Doing so here compels this court to conclude that the complaint fails to state a claim that Hammerstad was "acting on behalf of" Maurais in operating his vehicle on the night of the collision.

Phaneuf protests that, before facing dismissal of her claim against Maurais, she "must be allowed to conduct discovery as to the circumstances relating to [] Hammerstad's operation of the automobile," including into any "discussions between [] Hammerstad and [] Maurais."  But the Supreme Court has held that

the federal pleading standards, though "generous," do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.  Because, as just explained, Phaneuf has stated nothing but conclusions in support of her respondeat superior claim against Maurais, the court must grant the motion to dismiss.  Of course, should Phaneuf subsequently acquire information, through formal discovery in this matter or otherwise, that supports a claim against Maurais, Phaneuf may seek leave to add Maurais as a defendant, see Fed. R. Civ. P. 20(a)(2), and the court will decide the motion according to the applicable standards.

**III. <u>Conclusion</u>**

For the foregoing reasons, Phanuef's motion for an order authorizing Ortlieb to act on behalf of Hammerstad, and to amend her complaint to add USAA or Rita Hammerstad as a defendant,[9] is DENIED.  Ortlieb's motion to dismiss[10] and Maurais's motion to dismiss[11] are GRANTED, and their status as parties to this action is TERMINATED.

---

[9]Document no. 17.

[10]Document no. 24.

[11]Document no. 25.

21

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 15, 2013

cc:  Scott M. Carroll, Esq.
     Michael C. Palermo, Esq.
     Anthony M. Campo, Esq.
     Lawrence W. Getman, Esq.
     Naomi L. Getman, Esq.
     Gary M. Burt, Esq.
     Christopher James Pyles, Esq.
     Edward M. Kaplan, Esq.
     Roy Weddleton, Esq.